IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | 4:17-CR-3065 |
| vs. | |
| GREGORY L. GARRO, JR., | TENTATIVE FINDINGS |
| Defendant. | |

The Court has received the revised presentence investigation report in this case. The defendant has objected to the presentence report (filing 32) and moved for a downward variance (filing 34).

IT IS ORDERED:

1. The Court will consult and follow the Federal Sentencing Guidelines to the extent permitted and required by *United States v. Booker*, 543 U.S. 220 (2005) and subsequent cases. In this regard, the Court gives notice that, unless otherwise ordered, it will:

   (a) give the advisory Guidelines respectful consideration within the context of each individual case and will filter the Guidelines' advice through the 18 U.S.C. § 3553(a) factors, but will not afford the Guidelines any particular or "substantial" weight;

   (b) resolve all factual disputes relevant to sentencing by the greater weight of the evidence and without the aid of a jury;

(c)     impose upon the United States the burden of proof on all Guidelines enhancements;

(d)     impose upon the defendant the burden of proof on all Guidelines mitigators;

(e)     depart from the advisory Guidelines, if appropriate, using pre-*Booker* departure theory; and

(f)     in cases where a departure using pre-*Booker* departure theory is not warranted, deviate or vary from the Guidelines when there is a principled reason justifying a sentence different than that called for by application of the advisory Guidelines, again without affording the Guidelines any particular or "substantial" weight.

2.     The defendant has objected (filing 32) to the presentence report's suggestion that the Court consider an upward variance, based on the § 3553(a) factors and the nature of the offense. The defendant contends that his "conduct was not outside the heartland of conduct normally constituting a violation" of the offense of conviction, and "an upward departure would contravene the plea agreement[.]" Filing 32 at 1.

To begin with, the Court finds no merit to the contention that departing or varying upward would contravene the plea agreement—the plea agreement bound the government to recommend a sentence at the low end of the Guidelines range, filing 26 at 6, but was made pursuant to Fed. R. Crim. P. 11(c)(1)(B), filing 26 at 4, and binds neither the probation office nor the Court, *see United States v. Gillen*, 449 F.3d 898, 902 (8th Cir. 2006). The Court will consider whether this case is "outside the 'heartland' to which the [Sentencing] Commission intends

individual Guidelines to apply" in the context of applying the § 3553(a) factors. *See Kimbrough v. United States*, 552 U.S. 85, 89 (2007).

The defendant has also moved for a downward variance (filing 34), based on his personal circumstances and the nature of the offense. *See* filing 34-1. The Court will consider the defendant's evidence and resolve this issue, pursuant to the § 3553(a) factors, at sentencing.[1]

3.    Except to the extent, if any, that the Court has sustained an objection, granted a motion, or reserved an issue for later resolution in the preceding paragraph, the parties are notified that the Court's tentative findings are that the presentence report is correct in all respects.

4.    If any party wishes to challenge these tentative findings, that party shall, as soon as possible (but in any event no later than three (3) business days before sentencing) file with the Court and serve upon opposing counsel an objection challenging these tentative findings, supported by a brief as to the law and such evidentiary materials as are required, giving due regard to the local rules of practice governing the

---

[1] The Court notes that the defendant's filings occasionally seem to refer to "variance" and "departure" interchangeably. *E.g.* filing 32 at 1; filing 34-1 at 2-4. To make sure the record is clear: The term "departure" is a term of art under the Guidelines and refers only to non-Guidelines sentences imposed under the framework set out in the Guidelines. The calculation of the initial advisory Guidelines range, along with any applicable departures, results in a final advisory Guidelines sentencing range. Then, in determining the actual sentence that should be imposed, the Court must consider whether the factors in § 3553(a) justify a "variance" outside the final advisory Guidelines sentencing range. As opposed to a "departure," a "variance" refers to a non-Guidelines sentence based on the factors enumerated in § 3553(a). *United States v. Lozoya*, 623 F.3d 624, 625-26 (8th Cir. 2010). The Court understands variance—upward or downward—to be at issue here.

submission of evidentiary materials. If an evidentiary hearing is requested, such filings should include a statement describing why a hearing is necessary and how long such a hearing would take.

5.   Absent timely submission of the information required by the preceding paragraph, the Court's tentative findings may become final and the presentence report may be relied upon by the Court without more.

6.   Unless otherwise ordered, any objection challenging these tentative findings shall be resolved at sentencing.

Dated this 22nd day of May, 2018.

BY THE COURT:

_____
John M. Gerrard
United States District Judge